**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| General Motors Corporation, | ) | No. CV 02-02132-PHX-PGR |
| Plaintiff, | ) | |
| vs. | ) | |
| Maritz, Inc., et al. | ) | **ORDER** |
| Defendant. | ) | |

Currently pending before the Court is Defendants' Motion to Reconsider Order Granting Plaintiffs' Summary Judgment on the Contractual Indemnity Claim and Vacate Judgment Entered Thereon (Doc. 79). The Court now rules on the motion.

A motion seeking reconsideration of a grant of summary judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985). Reconsideration is only appropriate if: (1) the court is presented with newly discovered, previously unavailable, evidence; (2) the court committed a clear error of law and the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. Sch. Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993);United States ex rel Conveyor Rental & Sales Co. v. Aetna Casualty and Surety Co., 1991 WL 495733, *1 (D. Ariz. 1991). Such a motion, however, may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior to entry of judgment. See, e.g., Fed. Deposit Ins. Corp. v. World

1 Univ., 978 F.2d 10, 16 (1st Cir. 1992); accord Backlund, 778 F.2d at 1388; 1 Wright, Miller,
2 & Kane, Federal Practice and Procedure: Civil 2d § 2810.1 at 127-28.

3       The Defendants do not allege that the controlling law has changed since this Court
4 rendered its initial decision.  Rather, they argues that the Court erred in its interpretation of
5 both the law and the facts of this case.  The Defendants are not entitled to reconsideration of
6 arguments that they raised in opposition to summary judgment.  Backlund, 778 F.2d at 1388.
7 Motions for reconsideration can not be used to ask the Court "to rethink what the court has
8 already thought through," merely because a party disagrees with the Court's decision.  Above
9 the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983); See
10 Refrigeration Sales Co., Inc. v. Mitchell-Jackson Inc., 605 F. Supp. 6, 8 (N.D. Ill. 1983).
11 Such disagreements should be dealt with in the normal appellate process, not on a motion for
12 reconsideration under Rule 59(e).  Database Am., Inc. v. Bellsouth Adver. & Pub'g Corp.,
13 825 F. Supp. 1216, 1220 (D. N.J. 1993); Refrigeration Sales Co., Inc., 605 F. Supp. at 7..

14       This case does not fall within one of those narrow instances where reconsideration is
15 appropriate.  The moving party must show more than a disagreement with the court's
16 decision; the court should not grant a motion for reconsideration unless there is need to
17 correct a clear error of law or prevent manifest injustice.  Database Am., Inc., 825 F. Supp.
18 at 1220; Refrigeration Sales Co., Inc., 605 F. Supp. at 7.  Such is not the case here.  The
19 Court finds that the Defendants have failed to set forth sufficient grounds to cause the Court
20 to reconsider its January 27, 2005 Order granting summary judgment in favor of the
21 Plaintiffs.

22       IT IS ORDERED that Defendants' Motion to Reconsider Order Granting Plaintiffs'
23 Summary Judgment on the Contractual Indemnity Claim and Vacate Judgment Entered
24 Thereon (Doc. 79) is DENIED.

25       DATED this 31st day of January, 2006.

26
27
28                                   _____
                                  Paul G. Rosenblatt
                                  United States District Judge