**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| General Motors Corporation; and its Insurer, Associated Aviation Underwriters,<br><br>    Plaintiffs,<br><br>vs.<br><br>Maritz, Inc., Maritz Travel Company,<br><br>    Defendants. | No. 02-CV-2132-PHX-PGR<br><br>**ORDER** |

      Pending before the Court is Defendants Maritz, Inc. and Maritz Travel Company's (collectively referred to hereinafter as "Maritz") motion for summary judgment (Doc. 111) on Count II, common law indemnification, (the only remaining count) of Plaintiffs General Motors Corporation and Associated Aviation Underwriters' (collectively "GM") First Amended Complaint.  Maritz's motion is based on the argument that pursuant to Arizona law, GM does not have a right to common law indemnity when an express indemnity agreement exists. After careful consideration of the papers submitted, the Court finds the following.

/ / /

/ / /

I.  BACKGROUND

The pending action commenced on October 24, 2002, following the conclusion of <u>Love, et al. v. Maritz, Inc., et al.</u>, filed in the Maricopa County Superior Court, wherein both GM and Maritz were named defendants (hereinafter referred to as the "Underlying Case"). Therein, GM filed an indemnification action against Maritz seeking both contractual and common law indemnity (also known as implied indemnity). This Court found in favor of GM on its contractual indemnity claim. However, on February 14, 2008, the Ninth Circuit reversed this Court's decision, holding that GM was not entitled to indemnification based on the parties' valid contractual indemnity provision, "Maritz is not required, under the terms of the Purchase Order Agreement [the contract], to indemnify GM for the damages from the hot air balloon accident." (SOF ¶ 16.)

II.  <u>UNDERLYING FACTS</u>

At the annual competition known as the Perkins Challenge Awards Event ("Awards Event"), GM sponsored a sales competition for its top producing dealers. (SOF, ¶ 1.) GM selected Maritz Travel Company as the supplier of services for the Awards Event (SOF ¶ 2) and Maritz contracted with others to provide destination management services for the program. (SOF ¶ 4.) The Awards Event occurred in Arizona on April 14-17, 1996. (SOF ¶ 3.) GM's contract (called a Purchase Order) with Maritz contained the following express indemnity provision:

> 16. INDEMNIFICATION: If Seller performs any work on Buyer's premises or utilizes the property of Buyer, whether on or off Buyer's premises, Seller shall indemnify and hold Buyer harmless from and against any liability, claims, demands or expenses (including reasonable attorney fees) for damages to the property of or injuries to Buyer, its employees or any other person arising from or in connection with Seller's performance of work or use of Buyer's property except for such liability, claim or demand arising out of the sole negligence of Buyer.

(SOF ¶ 5.)

On April 5, 1996, during the Awards Event, a hot-air balloon accident occurred which resulted in the deaths of passengers Julie Whisnant and John D. Love  (SOF ¶ 7.)

1  Consequently, the National Transportation Safety Board investigated the accident and
2  attributed the cause of the accident to pilot error and inappropriate equipment. (SOF ¶¶ 8,9.)
3  Thereafter, Mr. Love and Ms. Whisnant's survivors filed suit in the Underlying Case
4  against Maritz, GM, and others who provided services for the program including hot-air
5  ballooning. (SOF ¶ 10.) The claim against GM and Maritz was for negligence. SOF ¶ 11.)
6  GM and Maritz settled with the survivors in the Underlying Case. (SOF ¶ 12.)

7  II.     LEGAL STANDARD AND ANALYSIS

8  The standard for summary judgment is set forth in Rule 56(c) of the Federal Rules of
9  Civil Procedure. Summary judgment is properly granted when, after viewing the evidence
10 in the light most favorable to the non-moving party, no genuine issues of material fact remain
11 for trial. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);
12 Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

13 The moving party bears the burden of demonstrating that it is entitled to summary
14 judgment. Mur-ray Mgmt. Corp. v. Founders Title Co., 819 P.2d 1003, 1005 (Ariz. Ct.
15 App.1991). If the moving party makes a prima facie case showing that no genuine issue of
16 material fact exists, the burden shifts to the opposing party to produce sufficient competent
17 evidence to show that a triable issue of fact does remain. Ancell v. United Station Assocs.,
18 Inc., 803 P.2d 450, 452 (Ariz. Ct. App. 1990). The Court must regard as true the non-moving
19 party's evidence, if it is supported by affidavits or other evidentiary material. Celotex, 477
20 U.S. at 324. However, the non-moving party may not merely rest on its pleadings, it must
21 produce some significant probative evidence tending to contradict the moving party's
22 allegations, thereby creating a material question of fact. Anderson v. Liberty Lobby, Inc.,
23 477 U.S. 242, 256-57(1986)(holding that the plaintiff must present affirmative evidence in
24 order to defeat a properly supported motion for summary judgment); First Nat'l Bank of Ariz.
25 v. Cities Serv. Co., 391 U.S. 253, 289 (1968).

26
27

As a preliminary matter, the Court must address the issue of whether Arizona or Michigan law applies to the pending issue. According to the express stipulation of the parties, Arizona law will be applied to Plaintiff's common law indemnity claim (Count II). GM and Maritz previously stipulated that "the law of Michigan should apply to Plaintiff's contractual indemnity claim (Count I) and Arizona law should apply to Plaintiff's common law indemnity claim (Count II)."[1]

Maritz contends that as a matter of Arizona law, GM is not entitled to seek common law indemnity because the existence of an express indemnity agreement prohibits the right to common law indemnification. See First National Bank v. Otis Elevator Co., 2 Ariz.App. 596 (1966); Restatement (First) of Restitution § 76 (1937). Furthermore, Maritz argues that a party is not entitled to common law indemnity after the contractual indemnity claim fails. Grubb & Ellis Mgmt. Serv., 213 Ariz. 83,89 (Ariz. App. 2006).

To the contrary, it is GM's contention that there are three distinct types of indemnity: (1) contractual, where an express provision in a contract defines the obligation; (2) implied, where there is no express indemnity provision, but one can be implied from the terms of the contract; and (3) equitable, where the indemnity obligation arises based on the relative fault of the parties for the wrong, regardless of the existence of a contract. GM argues that Maritz confuses implied and equitable indemnity. GM concedes that the existence of an express indemnity provision precludes the finding of *implied contractual* indemnity, however, it argues that the existence of an express indemnity provision does not preclude a claim based on *equitable* indemnity.[2] GM argues that the right to equitable indemnity exists whenever "in law or in equity there is an obligation on one party to indemnify the other, as where one

---

[1] According to the record, the Stipulation (Doc. 48.) was filed on March 11, 2004.

[2] GM notes that Count II states, "GM's second claim for relief is a request for relief based on common law principles of equity."

- 4 -

person is exposed to liability for the unlawful act of another in which he does not join." First Bank of Ariz. V. Otis Elevator, 2 Ariz.App. 596, 597 (1966).

GM cites Herstam et al. v. Deloitte & Touche LLP et al., 186 Ariz. 110, 117-18 (App. 1996) for the proposition that Arizona courts recognize various forms of indemnity. It argues that Maritz's motion is based on the false premise that there are only two forms of indemnity, express contractual indemnity and a catch-all category of "common law indemnity." GM continues that a claim for equitable indemnity referred to by GM is not precluded by the existence of an express contractual indemnity provision. The difficulty the Court finds with GM's contention is that it fails to articulate the alleged enumerated situations, nor does it provide legitimate authority supporting the theory of such enumerated situations. GM based its claim upon a common law theory based on a distinction between active and passive joint tortfeasors. However, the Court in Herstam did not adopt this theory. Instead it rejected the common law indemnity theories. Herstram, 186 Ariz. at 118. Significantly, according to Arizona law, GM has the ultimate burden of establishing that it is entitled to common law indemnity which clearly was not established.

In response, Maritz contends that Arizona law clearly prohibits a claim for equitable indemnity when an express contractual indemnity provision exists. "When there is an express indemnity contract, the extent of the duty to indemnify must be determined from the contract." INA Ins. Co. of North America v. Valley Forge Ins. Co., 150 Ariz. 248, 252 (App. 1986) (citing Skousen and Pecan Centers of Ariz. v. Olsen Investment, 149 Ariz. 251(App. 1986); Estes Co. v. Aztec Construction Inc., 139 Ariz. 166, 168 (App. 1983)). In Arizona, an express indemnification agreement preempts *any* common law theories. INA Ins. Co., 150 Ariz. at 252. "Recovery under a contract providing for indemnity obviates any right to recover under the common law theory of implied indemnity since by such an express contract the parties have already themselves determined how and under what circumstances losses

1  shall be allocated." Id.; accord Booth-Kelley Lumber Co. v. Southern Pacific Co., 183 F.2d
2  902 (9th Cir.1950).

3  Implied indemnity is a concept based upon the equitable principles stated in section
4  76 of the Restatement. Schaefer Electronics v. National Semiconductor Corp., 174 Ariz. 406,
5  410, (App. 1992).  Pursuant to the Restatement and equitable principles of restitution, only
6  "[*i*]*n the absence* of an express indemnity agreement, a party has a right to indemnity when
7  there is an implied contract for indemnity or when justice demands there be the right." Id.
8  (Emphasis added).

9  In Schaefer Electronics, the indemnitor moved for summary judgment on common law
10 indemnity. The Court stated: "[i]n [INA Ins. Co.] we held that the existence of an indemnity
11 contract, or an indemnity provision in a contract, precluded application of implied indemnity
12 principles. Schaefer Electronics, 174 Ariz. at 410; Superior Companies v. Kaiser Cement
13 Corp., 152 Ariz. 575, 577 (App. 1986) ("The extent of a contract duty to indemnity must be
14 determined from the contract itself").  In Grubb & Ellis Mgmt. Serv., the Arizona Court of
15 Appeals further supported the INA Ins. Co., by precluding the would-be indemnitee from
16 common law indemnification "because the parties expressly agreed upon an indemnity
17 provision in their contract." Grubb & Ellis Mgmt. Serv. v. 407417 B.C., L.L.C., 213 Ariz.
18 83, 89 (App. 2006).

19 Maritz argues and the Court agrees that permitting GM to pursue common law
20 indemnification, despite the express intent of the parties, would render moot the purpose of
21 the written contract.  If the parties to a contract specifically and expressly agree to the terms
22 of indemnification, Courts should not arbitrarily alter the agreed upon indemnification
23 previously negotiated by the parties.  Equitable considerations are simply not the standard
24 in determining common law indemnification in Arizona.  Transcon Lines v. Barnes, 17 Ariz,
25 428, 436 (App. 1972) "We do not believe [that a court's] notion of what is 'equitable and

- 6 -

just' should interfere with its determination of whether one tortfeasor should recover indemnity against another." Id.

It is undisputed that the indemnity provision exists in the contract between GM and Maritz. It is also undisputed that the Ninth Circuit previously ruled that the indemnity agreement does not provide GM with indemnification based on the express language and intent of the written provision. Thus, GM cannot, as a matter of law, prevail on a common law claim after the Ninth Circuit has ruled that an express indemnity provision does exist but it does not provide GM with a remedy in the pending matter.

Accordingly,

IT IS HEREBY ORDERED GRANTING Maritz's Motion for Summary Judgment in its favor and against GM. (Doc. 111.)

IT IS FURTHER ORDERED DENYING as MOOT Maritz's Motions in Limine. (Docs. 124 and 130.)

IT IS FURTHER ORDERED that the Clerk of Court shall close this case accordingly.

DATED this 6th day of May, 2009.

Paul G. Rosenblatt
United States District Judge